IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE CONTRERAS-RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 25-1671 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| WARDEN FCI HAZELTON, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Jorge Contreras-Rodriguez ("Petitioner") is federal prisoner currently held at the Federal Correctional Institution at Hazelton ("FCI-Hazelton") in Bruceton Mills, Preston County, West Virginia. Preston County is located within the territorial boundaries of the United States District Court for the Northern District of West Virginia. 28 U.S.C. § 129(a).

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging the Federal Bureau of Prisons' denial of Earned Time Credits under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5208 (2018). ECF No. 1.

A Section 2241 habeas petition must be filed in the district in which the petitioner is confined. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017); see also United States v. Ballard, 512 F. App'x 152, 153 (3d Cir. 2013) ("A § 2241 petition must be filed in the district of confinement…which is the only district with jurisdiction to hear the challenge.") (citations omitted). This is because:

1

> [t]he prisoner must direct his petition to "the person who has custody over him." § 2242; see also Wales v. Whitney, 114 U.S. 564, 574 (1885); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973). Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435, (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); see also Braden, 410 U.S. at 495 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

Id.

This Court may transfer this habeas action to the United States District Court for the Northern District of West Virginia, and it will do so under the circumstances. 28 U.S.C. § 1631 (when a district court lacks jurisdiction it can "in the interest of justice, transfer such action…to any other court…in which the action…could have been brought at the time it was filed.")

Based upon the foregoing, IT IS HEREBY ORDERED that the Clerk of Court is directed to transfer this federal habeas action to the United States District Court for the Northern District of West Virginia.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: November 4, 2025,                    By the Court,

                                            */s/Maureen P. Kelly*
                                            MAUREEN P. KELLY
                                            UNITED STATES MAGISTRATE JUDGE


cc:     JORGE CONTRERAS-RODRIGUEZ
        36128-510
        HAZELTON
        FCI HAZELTON
        FEDERAL CORRECTIONAL INSTITUTION
        P.O. BOX 5000
        BRUCETON MILLS, WV 26525

3